UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| CHARLES A. BRAHOS, | ) | Chapter 7 |
| | ) | Case No. 16-02160 |
| Debtor. | ) | |
| | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| BMO HARRIS BANK N.A., f/k/a Harris | ) | |
| N.A. as Assignee of the Federal Deposit | ) | |
| Insurance Corporation as Receiver for | ) | |
| Amcore Bank, N.A. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. No. 16 AP _____ |
| v. | ) | |
| | ) | |
| CHARLES A. BRAHOS, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT**

BMO HARRIS BANK N.A., f/k/a HARRIS N.A., as Assignee of the Federal Deposit Insurance Corporation as Receiver for Amcore Bank N.A. ("Harris"), by its undersigned counsel, for its complaint against debtor Charles A. Brahos (the "Debtor"), alleges:

**Parties and Jurisdiction**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. Venue is proper here pursuant to 28 U.S.C. § 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2. The statutory basis for this complaint is 11 U.S.C. § 523.

3. Harris is a federal depository institution and has offices throughout Illinois.

4. The Debtor is an individual and resident of Illinois.

**Background Allegations**

5. On April 23, 2010, the Federal Deposit Insurance Corporation assigned the assets of Amcore Bank, N.A., including the loan documents which are subject to this action, to the Bank.

6. On October 2, 2007, Debtor executed and delivered to Bank a promissory note in the original principal amount of $750,000.00, which was subsequently modified by a Change in Terms Agreement dated October 2, 2008 (together with the Promissory Note, the "Note"). A copy of the Note is attached as Exhibit A hereto.

7. In connection with the Note and to secure the loan to the Bank, Brahos granted to the Bank a mortgage (the "Mortgage") dated October 2, 2007 against real estate commonly known as Lot 3, 1600 Cloverdale, Highland Park, Illinois 60035 (the "Property").

8. Debtor defaulted on the Note, and on July 9, 2009, the Bank filed a suit to foreclose its Mortgage and for breach of the Note as Case No 09 CH 2537 in the Circuit Court of Lake County, Illinois (the "Lawsuit").

9. After a bench trial, the Circuit Court entered an Order of Judgment and Judgment of Foreclosure and Sale in favor of the Bank (the "Judgment Order"). A copy of the Judgment Order is attached hereto as Exhibit B.

10. The Judgment Order entered a judgment of foreclosure and sale against the Property in the amount of $1,753,055.89 and entered a judgment in favor of the Bank in the same amount regarding the Bank's breach of note claim. The Judgment Order also dismissed Brahos' counterclaim in its entirety.

11. The Property was originally scheduled for a Sheriff's sale on January 26, 2016. On January 25, 2016, the eve of the sale, the Debtor filed for relief under Chapter 7.

12. The Bank filed a Motion for Relief from the Automatic Stay in order to proceed with the Sheriff's sale which was granted by this Court. However, Debtor filed on March 10, 2016 an appeal of the Judgment Order (the "Appeal") with the State of Illinois Appellate Court Second District (the "Appellate Court") and the State Court stayed the sale process pending the outcome of the Appeal.

13. The date of the filing of the Appeal is subsequent to the filing of this chapter 7 proceeding.

14. The Appellate Court issued a Final Order dated April 27, 2016 dismissing the Appeal.

15. Notwithstanding the dismissal of the Appeal, Debtor filed on May 5, 2016, a "Notice of Motion to Re-Instate Notice of Appeal and to File the Docket Statement Required". This is currently pending in the Appellate Court.

16. On January 25, 2016, Debtor filed his Statement of Financial Affairs (the "First SOFA"). On Debtor's Official Form 107, Statement of Financial Affairs for Individuals Filing for Bankruptcy, Debtor answers that there were no payments by the debtor owed to an insider or payments or transfers of any property on account of a debt that benefited an insider within 1 or 2 year of the filing of the bankruptcy petition. Official Form 107 Part 3 questions 7 and 8 and 11 U.S.C. Section 523.

17. On March 11, 2016, Debtor filed Amended Schedules of Financial Affairs (the "Second SOFA"). In the Second SOFA, Debtor discloses a transfer of his interest in a land trust to his spouse. However, Debtor continued to answer "no" as to any transfers, sale, or trades of

any property other than in the ordinary course of business within two years of the filing of the bankruptcy petition.

18.     A 2004 examination of the Debtor was taken on April 11, 2016. In that examination, Debtor stated that he had transferred the beneficial interest in a trust to his wife, Sharon Brahos, without consideration.

## Count I

### Objection to dischargeability pursuant to 11 U.S.C. § 523(a)(2)(A)

19.     Harris incorporates herein by reference the allegations of paragraphs 1-18 above.

20.     Debtor transferred his interest in a trust to Sharon Brahos, his spouse, in an Assignment of Beneficial Interest dated January 2, 2015, which was received by the Trustee on September 29, 2015 (the "Assignment"). A copy of the Assignment is attached as Exhibit C.

21.     The Assignment was executed and delivered subsequent to the filing of the legal action against Debtor by the Bank and for the purpose of removing assets from the Debtor which would otherwise be subject to action by a creditor of the Debtor.

22.     Upon information and belief, the real property which is the subject of the Assignment, 4219 Kirk Street, Skokie, Illinois, was sold on or about October 1, 2015 for $499,000.00. This sale is omitted from Debtor's SOFA.

23.     That Debtor's execution of the Assignment caused the transfer of assets that would otherwise be available to creditors of the Debtor.

24.     Debtor's execution of the Assignment is a fraudulent conveyance and is a transfer of assets for no consideration and was done with the purpose of transferring assets to a third party with the purpose of impairment of a creditor's ability to collect the debt. The transfer

4

constitutes "actual fraud". See *Husky International Electronics, Inc. v. Ritz*, 578 U.S. ____ (May 16, 2016).

25. Debtor's transfer of assets by the execution of the Assignment was in violation of 11 U.S.C.¶ 523(a)(2).

26. The debt owed from the Debtor to Harris is non-dischargeable pursuant to Bankruptcy Code § 523(a)(2)(A).

**WHEREFORE**, BMO Harris Bank, N.A. prays that this Court enter judgment:

a) finding that the amount of the judgment against Charles A. Brahos is non-dischargeable pursuant to 11 USC § 523(a)(2)(A); and

b) awarding such other relief as the Court deems just and proper.

## Count II

### Objection to dischargeability pursuant to 11 U.S.C. § 727

27. Plaintiff incorporates by reference the allegations contained in paragraphs 1-26 above as though more fully restated herein.

28. Debtor transferred his interest in a trust to Sharon Brahos, his spouse, in an Assignment of Beneficial Interest dated January 2, 2015, which was received by the Trustee on September 29, 2015 (the "Assignment"). A copy of the Assignment is attached as Exhibit C.

29. Debtor filed a Statement of Financial Affairs (the "January SOFA") as to this case on January 25, 2016.

30. Debtor failed to identify the Assignment in Official Form 107 question 8 and answered "No" to the question pertaining to transfers in the January SOFA.

31. In the January SOFA, Debtor failed to identify an Exclusive Right to Sell Marketing Agreement dated January 1, 2016, by and between The Brahos Group, as broker and

5

Equity Trust Company, as seller, for real estate located at 145 Berkeley Road, Highland Park, IL. Upon information and belief, The Brahos Group is not an organized entity but rather is the alter ego of Debtor and under his control and direction. A copy of the Exclusive Right to Sell Marketing Agreement is attached as Exhibit D.

32. Debtor failed to disclose the existence of CABBAC and any ownership interest of Debtor in the January SOFA.

33. In the January SOFA, Debtor identified an IRA accounts with LPL Financial, San Diego, CA and Equity Trust Company, Columbus, OH as having $0 value. See January SOFA question 21. A copy of January SOFA question 21 is attached as Exhibit E.

34. As part of the completion of the January SOFA, Debtor was required to sign Official Form 106 Dec (Declaration About an Individual Debtor's Schedules). Debtor signed such declaration on January 25, 2016.

35. As part of the January SOFA, Debtor did not identify any transfers made by him as responses to questions 17-19.

36. Debtor caused to be filed amended schedules on March 11, 2016 as Document Number 27 (the "March SOFA").

37. In the March SOFA, the Debtor identifies for the first time the Assignment.

38. As part of the completion of the March SOFA, Debtor was required to sign Official Form 106 Dec (Declaration About an Individual Debtor's Schedules). Debtor signed such declaration.

39. On April 11, 2016, immediately subsequent to the completion of a Rule 2004 examination of Debtor, Debtor caused to be filed another SOFA (the "April SOFA").

40. In the April SOFA, Debtor identified for the first time an IRA with the Equity Trust Company, Columbus OH valued at $320,000.00. The April SOFA were only filed after the 2004 examination of the Debtor and the Debtor's disclosure, for the first time, of the value of the IRA with Equity Trust Company.

41. Plaintiff was awarded the Judgment Order against the Debtor. Subsequent to the filing of this case, Debtor has filed appeals of the Judgment Order. Upon information and belief, the Trustee has advised Debtor that any appeal is property of the Estate and to cease action on any appeals. Debtor has refused to comply with the directions of the Trustee, causing Plaintiff additional costs and expenses.

42. Plaintiff caused a Rule 2004 examination of the Debtor to occur on April 11, 2016.

43. Debtor disclosed for the first time that the IRA contained any assets and the amounts.

44. Debtor testified at the Rule 2004 examination in detail regarding the Assignment and its occurrence after the commencement of the State Court litigation against Debtor.

45. Debtor further testified at the Rule 2004 examination that counsel for Debtor provided the values of numerous personal assets listed in the each of the SOFA and that he did not know the values listed despite Debtor's execution of each of the filed SOFA.

46. Debtor's actions constitute and show intent to hinder, delay or defraud both Plaintiff, a creditor, and the Trustee by not revealing transfers and concealing assets of the Debtor.

47. Debtor's failure to accurately complete the SOFA and execution of Official Form 106 constitute a basis to deny Debtor a discharge pursuant to 11 U.S.C. §727(a)(4).

48. Debtor's failure to comply with the directions of the Trustee and causing the appeals of the Judgment Order constitute a basis to deny Debtor a discharge pursuant to 11 U.S.C. ¶727(a)(6)(A).

**WHEREFORE**, BMO Harris Bank, N.A. prays that this Court enter judgment:

a) finding that Charles A. Brahos is non-dischargeable pursuant to 11 USC § 727(a)(2), (4) and (6); and

b) awarding such other relief as the Court deems just and proper.

**BMO HARRIS BANK, N.A.**

By: /s/ Jeffrey E. Altshul
One of its attorneys

Kurt M. Carlson
Jeffrey E. Altshul
Autumn L. Sharp
**Carlson Dash LLC**
216 South Jefferson, Suite 504
Chicago, IL 60661
Phone: (312) 382-1600
Email: jaltshul@carlsondash.com