**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
|    Charles A Brahos, | ) | |
|       Debtor. | ) | Chapter 7 |
| _____ | ) | Case No. 16-02160 |
| | ) | |
|    BMO Harris Bank NA, | ) | Adv. No.: 16-00358 |
|       Plaintiff, | ) | Hon A Benjamin Goldgar |
|    v. | ) | Lake County |
|    Charles A Brahos, | ) | |
|       Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**
**AS TO DEFENDANT'S WITNESS LIST AND TRIAL EXHIBIT LIST**

Charles A Brahos (the "Defendant" or "Brahos") by and through counsel, Scott J Kofkin, hereby responds to the Plaintiff's motion [Adv Doc 79], and in support thereof, respectfully states as follows:

**Background**

The Debtor filed his voluntary Chapter 7 petition [16-02160] on January 27, 2016. The Trustee filed an initial report of assets (Doc 57) on January 26, 2017. Discharge has not been entered, and the case remains pending before this Court.

BMO Harris Bank NA, ("Harris") commenced an adversary proceeding (16-ap-0358) by filing a two-count complaint [Adv Doc 01] on June 14, 2016. In Count I the Plaintiff alleges that its debt should be excepted from discharge pursuant to 523(a)(2)(A), and in Count II the Plaintiff alleges that the Debtor's discharge should be denied pursuant to 727(a)(2), (a)(4) and (a)(6). The Debtor filed his answer [Adv Doc 12] on August 31, 2016.

The parties have stipulated [Dkt 80] and requested dismissal of the Plaintiff's claims under Section 523, and the Plaintiff appears to have abandoned his claim for denial of discharge pursuant to Section 727(a)(6).

1

On October 24, 2017 the Court entered a Final PreTrial Order [Adv Dkt 66] pursuant to which the trial is scheduled to begin on Wednesday January 17, 2018 at 2:00PM.

## Exhibits

The Plaintiff moves to exclude exhibits that it claims it has not previously seen. However, this Court ordered early in the case, on February 03, 2017 that the automatic disclosure requirement of Rule 26(a)(1)(A) does not apply.

Furthermore, the exhibits are being disclosed now precisely to give the Plaintiff an opportunity to consider their relevance to the case. They, and potentially other documents, may become appropriate based on testimony provided by Plaintiff's witnesses, or may be utilized for other permissible reasons such as refreshing recollection.

Nothing in the disclosure of potential exhibits was meant to obviate the need for proper foundation and showing of relevance and materiality before any such exhibit will be offered into evidence.

## Witnesses

The Plaintiff complains that the Defendant's witness list contains three names but no description of the anticipated testimony that each might provide.

The Plaintiff is correct that the Court has discretion and authority to sanction a party for failing, *without justifiable excuse*, to comply with the Final Pretrial Order.

The Defendant's undersigned counsel acknowledges that he understood the requirement to describe the anticipated testimony, and did indeed have a brief description of the expected topics to be covered by each projected witness.

However, as it happened, counsel for the Defendant received Plaintiff's filed Witness list prior to completing his own, and saw that the Plaintiff had provided a much more detailed description of the anticipated testimony to be elicited by the Plaintiff. See attached Plaintiff's

Witness List.

Accordingly, the Defendant submits that it was justifiable to list those three particular witnesses with the intention that the Defendant would cover the same described potential topics as the Plaintiff already indicated it was prepared to cover. The Defendant respectfully submits that it is disingenuous of the Plaintiff to complain about potential surprise that the three witnesses might cover the exact same topics deliniated and described by the Plaintiff itself.

Accordingly, the Defendant acknowledges that it may have been more prudent to include a statement specifically referring to the descriptions included in the Plaintiff's Witness List, but the Defendant also respectfully submits that the lack of any additional description for the three witnesses already included in the Plaintiff's list was intended specifically to indicate that the three witness will not be asked to testify to anything not already disclosed in great detail by the Plaintiff.

Most of the facts in this adversary are agreed pursuant to a joint stipulation (Adv doc 74), as well as admissions in the Defendant's Answer to the Complaint (Adv doc 12) and Response to the Plaintiff's previous Motion for Partial Summary Judgment (Adv doc 23 and attachments).

A stipulation of fact entered into freely by the parties is controlling and conclusive on the parties, and this Court should enforce it. *Illinois Cent. Gulf R. Co. v. Tabor Grain Co., 488 F. Supp. 110, 122 (N.D. Ill. 1980)*.

There remain only a few issues to be explored during the trial, and the Defendant believes those issues to have been clearly identified by both parties, leaving nothing to be considered withheld for purpose of surprise at trial.

**Conclusion**

WHEREFORE, for each and all of the reasons set forth above, the Defendant respectfully requests an order denying the Plaintiff's motion *in limine* regarding the Defendants witness and exhibit lists and granting such other and further relief as this Court deems just and proper.

       Respectfully submitted,
       **Charles A Brahos**
       BY:  /s/ Scott J Kofkin
       One of the Attorneys for the Debtor

Scott J Kofkin
675 E. Irving Park Road, Ste 104
Roselle, Illinois  60172
630-539-4600

**CERTIFICATE OF FILING AND SERVICE**

The undersigned attorney certifies under penalty of perjury that he has on the date shown below filed the attached document with the court's CM/ECF system, thereby serving the same to those entities appearing in the case, including Plaintiff's counsel, in accordance with applicable Rules and procedures.

Dated: January 24, 2018                                    */s/ Scott J Kofkin*