## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | A. Benjamin Goldgar | **CASE NO.** | 16 B 2160 |
|---|---|---|---|
| **DATE** | January 29, 2018 | **ADVERSARY NO.** | 16 A 358 |
| **CASE TITLE** | BMO Harris Bank N.A. v. Brahos | | |
| **TITLE OF ORDER** | Order denying without prejudice motion in limine of Charles Brahos | | |

**DOCKET ENTRY TEXT**

The motion in limine of Charles Brahos is denied without prejudice.

[For further details see text below.]

---

### STATEMENT

Defendant Charles Brahos has moved in limine to bar plaintiff BMO Harris Bank N.A. from introducing evidence related to the chain of title of, or any transactions related to, the property at 4219 Kirk Street, Skokie, Illinois or a Chicago Title & Trust land trust. Brahos also wants to bar the Bank from calling several of its witnesses: Aimee Pierson, Jacques Kolzow, James M. Santos, Joan M. Scheeder, and Robert T. O'Donnell, Jr. Brahos argues that the parties have stipulated to the underlying facts relating to the Kirk Street property and the land trust, making evidence of those facts (including Bank exhibits Nos. 8-20) irrelevant. Brahos argues that the testimony of the witnesses in question is either irrelevant, cumulative, or (in the case of O'Donnell, a lawyer) privileged.

Brahos is certainly right that evidence at trial of stipulated facts is unnecessary. The Bank concedes in its response that in light of the stipulation, the witnesses in question will not be called in its case-in-chief. But the Bank stands its ground on the exhibits.

Brahos *may* be right that given the stipulation, the exhibits are equally unnecessary. The problem is that it is almost impossible to make that kind of determination in advance of trial, with no factual context other than the stipulation and the assertions in the parties' trial briefs about what they expect the evidence to show. Some of the exhibits may be cumulative of the stipulation (it certainly looks that way). Others, though seemingly cumulative, may nonetheless be necessary to provide a sufficiently full picture. Far better for Brahos to assert objections of this kind at trial on an exhibit-by-exhibit basis. As the Bank acknowledges, the final pretrial order states that objections to the relevance of exhibits need not be asserted in advance but are

## STATEMENT

reserved for trial.

Brahos' motion is therefore denied – without prejudice to his right to object at trial as to the relevance of the exhibits in question.  And the Bank is reminded that Brahos' underlying point is correct.  Evidence that serves only to prove facts that have already been stipulated and the introduction of which serves no other apparent purpose will be excluded under Rule 403 as a waste of time and needlessly cumulative.  The Bank should tailor its presentation accordingly.

Dated: January 29, 2018

_____
A. Benjamin Goldgar
United States Bankruptcy Judge