## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | A. Benjamin Goldgar | **CASE NO.** | 16 B 2160 |
|---|---|---|---|
| **DATE** | January 29, 2018 | **ADVERSARY NO.** | 16 A 358 |
| **CASE TITLE** | BMO Harris Bank N.A. v. Brahos | | |
| **TITLE OF ORDER** | Order granting in part and denying in part motion in limine of BMO Harris Bank | | |

**DOCKET ENTRY TEXT**

The motion in limine of BMO Harris Bank N.A. is granted in part and denied in part.

**[For further details see text below.]**

### STATEMENT

Plaintiff BMO Harris Bank N.A. has moved in limine to bar defendant Charles Brahos from introducing his exhibits Nos. 2-4, 6, 7, and 10, and from calling the three witnesses he has listed. The Bank asserts that the exhibits "were not produced in response to written discovery." As for the witnesses, the Bank complains that Brahos failed to comply with the final pretrial order because he failed to describe the subject matter of the witnesses' testimony as the order required.

As to the exhibits, the motion will be granted. The Bank asserts that the exhibits were requested during discovery but not produced, and Brahos does not deny it. He notes correctly that the mandatory disclosure procedure was ordered not to apply, excusing him from producing the documents under Rule 26(a)(1)(A). But that did not mean he was excused from producing them in response to a proper request under Rule 34. Under Rule 26(e), a party who has responded to a request for production under Rule 34 must supplement or correct its response in a timely manner. Under Rule 37(c)(1), a party who fails to provide information as Rule 26(e) requires "is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see generally Paldo Sign & Display Co. v. Unifed Marketing, LLC*, No. 13 C 1896, 2017 WL 951313, at *2 (N.D. Ill. Mar. 10, 2017) (describing the scheme under Rules 26 and 37). Brahos does not contend that his failure was either substantially justified or harmless. He says only that "the exhibits are being disclosed now." "Now" is too late. *See id.* (noting that "the offending party" has the burden of establishing substantial justification or harmlessness (internal quotation omitted)).

**STATEMENT**

      The balance of the motion, however, will be denied.  The Bank is right that the final pretrial order required Brahos to describe the subject matter of the testimony his witnesses would give, and he failed to do so.  But the Bank does not suggest that this failure has resulted in any particular prejudice, and it is hard to see how it could have.  All of the witnesses are well known to the Bank.  One of the witnesses is Brahos himself.  The other two are Brahos' wife and a lawyer, Larry Berg, who has represented the Brahoses.  The Bank took the depositions of all three (a fact evident from the court's docket, since the Bank filed its many notices of deposition and notices of subpoena), and all three appear on the Bank's own witness list.  Brahos also commits in his response to the motion that his examination of the witnesses will only "cover the same described potential topics" shown on the Bank's witness list.  (Resp. at 3).  In the absence of some indication that the Bank has been prejudiced, there is no reason to enforce the final pretrial order strictly and bar Brahos from calling his witnesses.

      For these reasons, the Bank's motion in limine is granted in part and denied in part.  The Bank's request to bar Brahos from introducing exhibits Nos. 2-4, 6, 7, and 10 is granted.  The Bank's request to bar Brahos from calling his listed witnesses is denied.

Dated: January 29, 2018

_____
A. Benjamin Goldgar
United States Bankruptcy Judge